IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC UNDRA ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:12CV485-MHT |
| | ) | |
| EAST ALABAMA MEDICAL CENTER, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff proceeds *pro se* and *in forma pauperis* in this action, in which he has filed suit against some twenty-six defendants (physicians and health care facilities) due to their alleged failure to provide him with appropriate medical treatment for his physical condition. Upon review of the pleadings and record in this matter, the court concludes that this action is due to be dismissed, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**Background**

Plaintiff's original complaint was twenty-three pages in length. (Doc. # 1). In that complaint, plaintiff identified the laws under which he asserted claims and alleged discrimination against all defendants generally (id., pp. 2-4), then provided factual allegations in 40 numbered paragraphs, with some allegations identified as relating to one of the twenty-

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

six defendants and others relating to individuals not named as defendants (id., pp. 5-22). The complaint was disorganized – for instance, plaintiff included factual allegations pertaining to East Alabama Medical Center on pages 5-7 of the complaint, and also on page 15; his allegations against Emory Clark-Holder Clinic were set out on pages 11-12, page 17, and page 18. Plaintiff's allegations against other defendants were similarly dispersed. (See Doc. # 1).

Eight days after he filed this complaint, plaintiff filed several separate documents that he styled as "written statement[s]." These included: (1) "information about [his] current medical conditions, symptoms, and complaints" (Doc. # 6, 4 pages); (2) "information [he] submitted to Dr. Lee Warren in hopes of treatment for [his Torticollis, bad neck and head, and neurological problems" (Doc. # 7, 8 pages); (3) "information the Plaintiff was giving the doctors and healthcare professionals while attempting to get healthcare," as well as "the info given to the West Georgia Medical Center about the Plaintiff[']s condition" (Doc. # 8, 10 pages); (4) information "about the Plaintiff[']s visits to the East Alabama Medical Center and some statements about the plaintiff's bad health and sickness since 2007 to the present" (Doc. # 9, 7 pages); (5) "some of the information I have been explaining and telling the healthcare professionals about my bad neck and head" (Doc. # 10, 10 pages); (6) "the details of an online health consultation that [plaintiff] had with webhealthcentre.com" (Doc. # 11, 5 pages); (7) information "about how [the plaintiff] sometimes feels paralyzation in the back of his neck" (Doc. # 12, 3 pages); (8) "information about the many complaints and symptoms

he told to doctors and healthcare professionals during the early stages of sickness," as well as "complaints and symptoms told to doctors throughout the entire time sick" (Doc. # 13, 7 pages); and (9) information "about how [plaintiff] has to buy several packs of the name brand Zyrtec each month and other relievers to supplement it" (Doc. # 14, 6 pages). Two days thereafter, plaintiff filed an additional written statement "about [his] last two visits to the East Alabama Medical Center in 2011" (Doc. # 15, six pages).[2]

    Upon its review of plaintiff's complaint, as amended by the additional written statements – with the complaint's allegations now spread throughout 89 pages in eleven separate documents – the court concluded that it could not conduct a meaningful review of plaintiff's complaint as it could not discern (with limited exception) which of the facts alleged formed the basis for plaintiff's claims against each of the defendants, and the complaint was not framed in a manner to permit a responsive pleading from each of the twenty-six defendants. Accordingly, on September 11, 2012, the court entered an order advising plaintiff of the requirement that his complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and a "demand for the relief

---

[2] Because plaintiff was entitled to an amendment as of right under Fed. R. Civ. P. 15 when he filed his first set of statements, and in view of his *pro se* status, the court entered an order construing all ten of plaintiff's written statements as a single amendment to his complaint. The court further stayed this matter pending consideration of the complaint pursuant to 28 U.S.C. § 1915, and directed the plaintiff to refrain from filing further pleadings in this matter until further order of the court. (Doc. # 16).

3

sought." (Doc. # 19). Pursuant to its inherent authority to require a more definite statement,[3] the court directed plaintiff to amend his complaint on or before September 24, 2012. The order specified that the amended complaint:

> (1) may not incorporate any portion of plaintiff's original complaint – or any other document – by reference;
>
> (2) must include, [in] separate numbered paragraphs, a "short and plain statement" of the facts giving rise to plaintiff's claim for relief;
>
> (3) must include a separate section for *each* defendant, identified by a heading including the defendant's name, which includes all of the *facts* giving rise to plaintiff's claim(s) *against that particular defendant*, and which may not incorporate allegations pertaining to any other defendant by reference;
>
> (4) must set forth, within each defendant's separate section, each claim that plaintiff asserts against that particular defendant, in separate numbered counts (for example: "Count 1," "Count 2") if plaintiff asserts more than one claim for relief against that particular defendant; and
>
> (5) may not refer to "the defendant" or "the defendants," but must – as to each claim and each factual allegation – refer to the specific defendant or defendants by name[.]

(Id.)(emphasis in original). The court further advised plaintiff that, if he failed to file an amended complaint as directed by the court within the time allowed, this action may be dismissed. (Id.)

The following day, plaintiff responded to the order by e-mail addressed to the

---

[3] See Wagner v. First Horizon Pharmaceutical Corp., 464 F.3d 1273 (11th Cir. 2006)(District Courts have a "supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates."); Fikes v. City of Daphne, 79 F.3d 1079, 1083 n. 6 (11th Cir. 1996)(court has inherent authority to require, *sua sponte*, a more definite statement).

proposed order address for the undersigned Magistrate Judge, with the subject line "Important Letter for Judge Walker." Plaintiff wrote:

> I have read the new order and actions that you taken against my case. And the order is without a doubt inappropriate, and you know it. Fist of all it is not a requirement for the information to be present the way you are trying to require me to present. However, the information is present in my complaint, and it is present for every defendant that I complained about. I ask you to cut it out because if you dismiss my case you will be committing judicial misconduct. Also, I ask that a Hearing be scheduled for my case, but first I ask that you go ahead and send out my summons to the defendants like I legally requested. You really ain't talking about nothing because time frames are listed in my complaint but the allegations are enough. But the discovery phase has not happened, and neither has my summons been sent to the defendants to answer. After you have scheduled a Hearing and sent out my summons then set up a Discovery conference like I legally requested so that more things can come out such as accuracy on the dates. My case is Pro Se, and you know that you are supposed to be more understandable of the Pro Se case by being more lenient. However, the order I read is nothing but you getting ready to dismiss my case, and besides the information is present in the compliant. I' am not at trial yet and you know it. And I have not gone through any procedures to even have the opportunity to present anything. It starts with discovery and you know. Your Honor, I request my summons be sent out and that a Hearing be scheduled for my case. You know that my case is suppose to go through a process. I sense you wanting to see if you can get away with destroying my case. My case has not gone through a trial and you are trying to require unnecessary info because how you are trying to make it difficult for me so that you can have a scapegoat to destroy my case. My case has been officially submitted and I ask that you proceed on what you have which is more than enough, and more than many, and more that what many of attorneys list in some of their complaints. You see, I don't care much for how you are trying to do me because I know that you are trying to do it because you heard the words "mentally ill" in my complaint, and I sense that you may be the type that don't want the mentally ill to have access to the court system. You can have your little "don't care" attitude all that you wanna, but I ask you not to commit judicial misconduct, and I ask you not to destroy my case when you don't have to, and when you are not suppose to. I' am not playing with you or the court damm it! And I didn't file my suit for you not to give my suit a chance. And I warn you not to do it to see whether or not you all are going to get away with it. Because I see you all

5

> trying to insult my dignity and intelligence as a human being. And I know you and the court are full of bigotry towards the issue of my case. But I ask you to forgive me and excuse my language tone and words towards you. Nevertheless, we can still work together on my case while having issues that we don't agree on, and we can still work together professionally even if you don't agree with the words "mentally ill." However, I' am evil with what you are trying to do, which is trying to commit a lawless act when you see me trying to handle my problems with the court. And don't be trying to force me to speak inappropriate to you so that you can use it as a scapegoat to destroy my case. Competency is not the issue. An issue is the jealously of court officials who want people like me not to get paid after an illegal act has been committed against them. I ask the the court to do what I requested be done in order for me to prosecute my lawsuit, and I have done enough to get started. The defendants are the ones who are suppose to be talking now, and not me. I don't have to prove anything before a trial. I don't care if you like me or not, but I ask that you proceed with my case so that I can take the defendants to trial. I ask the court to do the right thing. That is all that I ask.

(Doc. # 30)(errors in original).[4] The next day, the plaintiff wrote to the District Judge, requesting that he handle the proceedings in this matter personally; the District Judge treated the letter as a motion to vacate his order of referral and denied the motion. (Docs. ## 20, 22). Plaintiff failed to amend his complaint, as directed, on or before September 24, 2012.

In order to assist the *pro se* plaintiff in understanding the reason for the order requiring amendment, the undersigned Magistrate Judge thereafter conducted a twenty-minute telephone conference with the plaintiff on October 10, 2012. The court explained to plaintiff that it was not sufficient to allege his claims against all of the defendants generally and that he must link those claims to each of the defendants by providing specific facts describing the actions of each defendant giving rise to the claim. The court advised plaintiff

---

[4] Plaintiff later apologized again for the tone of this correspondence. (See Doc. # 31).

that it needed "the specifics" as to each defendant in order to go forward with this case, and explained the requirements of the court's September 11, 2012, order. The court repeated, more than once, the requirement that plaintiff allege the *facts* about what occurred with respect to each defendant. The court noted that plaintiff had missed his deadline for amendment and inquired whether plaintiff needed additional time to file the required amendment. At plaintiff's request, the court allowed plaintiff an extension of time to comply with the court's previous order. The new order advised plaintiff that, if he failed to comply with the September 11, 2012, order regarding amendment, the undersigned Magistrate Judge may recommend that this action be dismissed. (Docs. ## 26, 28).

Plaintiff filed his amended complaint on October 16, 2012. (Doc. # 29). The amendment complies with the court's requirement that plaintiff specify the claims he asserts in a separate section for each defendant. (See id.). However, plaintiff's amended complaint contains very few factual allegations. In the body of the 40-page complaint, plaintiff includes separate numbered paragraphs in which he alleges the date on which he sought treatment from the particular defendant and (sometimes) the reason he sought treatment. (See *e.g.*, p. 3, ¶ 1 ("I visited the East Alabama Medical Center in late November 2007 or early December 2007 for treatment because I was very sick and for treatment for my bad back."), and p. 8, ¶ 4 ("I visited Lanier Health Services a number of times from January 2009 - December 2009 for medical treatment"). In each of these paragraphs, plaintiff follows this allegation of fact only with conclusory statements that he was discriminated against and mistreated because

7

of his mental illness, and that he was denied health care and not given "appropriate" health care. Plaintiff then lists the claims arising from that particular incident. Plaintiff follows this formula throughout the body of the complaint, for each alleged instance of discrimination or mistreatment. Plaintiff attaches a fifty-two page document to his amended complaint, which consists of a two-page paragraph expressing plaintiff's contention that his rights have been violated under various laws – repeated *verbatim* twenty-six times, once for each of the named defendants. (Doc. #29-1). The paragraph includes no factual allegations describing what any particular defendant has done to give rise to plaintiff's claims. Thus, despite the court's previous orders and explanations, plaintiff alleges no *facts* in the ninety-two page amendment other than the dates on which he sought treatment from each defendant and his reasons for seeking treatment.

## Discussion

The Eleventh Circuit has made clear that, when confronted with a shotgun complaint, the district court should require the plaintiff to replead his claims. See Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 367 (11th Cir. 1996); see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979-84 (11th Cir. 2008)(citing the Eleventh Circuit's numerous opinions condemning shotgun pleadings and discussing the consequences of allowing such pleadings to stand). In Magluta v. Samples, 256 F.3d 1282 (11th Cir. 2001), the Eleventh Circuit – rather than review a judgment of dismissal on the basis of the shotgun pleading before it – remanded the case to the district

court with instructions that the court enter an order striking the complaint and requiring the plaintiff to replead his claims in a manner consistent with the requirements of Rule 8 of the Federal Rules of Civil Procedure.[5]  In the instant case, the original complaint filed by the plaintiff – as amended by several "written statement[s]" filed soon after plaintiff commenced this action – was not framed in a manner to permit a coherent responsive pleading by any of the twenty-six defendants or to allow further proceedings in this case. Thus, the court ordered the plaintiff to amend, giving him specific guidance about how to frame his amendment and requiring that he plead facts in support of each of his claims.  As set forth above, plaintiff first protested the court's requirement vigorously by complaining to the undersigned Magistrate Judge by e-mail and, also, asking the District Judge to assume control over all further proceedings in this matter.  He then failed to file the amendment ordered by the court

---

[5]  The Magluta court was faced with a complaint similar to the one filed by the plaintiff in this case.  The Eleventh Circuit wrote:

> The complaint is a quintessential "shotgun" pleading of the kind we have condemned repeatedly, beginning at least as early as 1991. It is in no sense the "short and plain statement of the claim" required by Rule 8 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 8(a)(2). It is fifty-eight pages long. It names fourteen defendants, and all defendants are charged in each count. The complaint is replete with allegations that "the defendants" engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of. Each count incorporates by reference the allegations made in a section entitled "General Factual Allegations"-which comprises 146 numbered paragraphs-while also incorporating the allegations of any count or counts that precede it. The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies.

Magluta, 256 F.3d at 1284.

9

within the time allowed. Thereafter, the court – after a twenty minute telephone conference in which it explained its requirement for amendment to the plaintiff – allowed plaintiff a second opportunity to comply with its order. However, the amendment filed by the plaintiff complies in form only; plaintiff has ignored the court's written and verbal instructions that he allege the specific facts giving rise to the claims against each of the defendants.

The Supreme Court has made clear that, while the pleading standard of Rule 8 does not require detailed factual allegations as to all of the elements of the plaintiff's claims, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint that "tenders naked assertions devoid of further factual enhancement" is not sufficient. Id. (internal quotation marks omitted)(quoting Bell Atlantic Corp v. Twombly, 550 U.S. 544, 557 (2007)). To state a claim for relief that is "plausible on its face," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Plaintiff's factual allegations must give rise to "more than a sheer possibility that a defendant has acted unlawfully." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. at 679 (citations and internal quotation marks omitted).

Plaintiff's original complaint, as amended by the ten supplemental statements, included numerous facts, yet still failed to allege facts *sufficient* to state a claim for relief that

was "plausible on its face." The amended complaint now before the court – filed after the court twice instructed plaintiff regarding the need to allege facts linking his claims to the actions of each of the defendants – alleges no facts that suggest even the "mere possibility of misconduct," let alone a basis for concluding that plaintiff is entitled to relief under any viable legal theory.[6] While the court is required to construe *pro se* pleadings liberally, the plaintiff has alleged no facts that suggest unlawful conduct by any of the defendants. Plaintiff has failed to comply with the court's order that he plead "the *facts* giving rise to plaintiff's claim(s) *against [each] particular defendant*" (Doc. # 19, p. 2, ¶ 3), despite the court's oral and written explanation of the requirement and despite its warning, on two occasions, that plaintiff's failure to comply with the order may result in dismissal of this action. (See Doc. ## 19, 26, 28). Plaintiff's claims are, accordingly, due to be dismissed. See Lampkin-Asam v. Volusia County School Board, 261 Fed. Appx. 274 (11th Cir. 2008)(affirming district court's dismissal of *pro se* plaintiff's claims, with prejudice, where the plaintiff failed to correct the deficiencies in her shotgun pleadings after two opportunities to do so); see also Holbrook v. Castle Key Ins. Co., 405 Fed. Appx. 459 (11th Cir. 2010)(affirming dismissal of *pro se* complaint for plaintiff's failure to amend her complaint as ordered by the court).[7]

---

[6] All of plaintiff's pleadings offer many conclusions which "are not entitled to the assumption of truth" in the court's analysis. See Iqbal, 556 U.S. at 679.

[7] In Holbrook, the Eleventh Circuit affirmed on the basis of plaintiff's failure to comply with Rule 8 despite the court's "explicit instruction" on how to remedy the deficiencies in her complaint. 405 Fed. Appx. at 460, 461. While the Circuit questioned whether the court had the authority to

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Additionally, the court concludes that appointment of counsel is not appropriate in this case.[8] Accordingly, it is

ORDERED that plaintiff's motion for appointment of counsel (Doc. # 31) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation within fourteen days of entry of this order. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

dismiss a complaint *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6), the plaintiff in that case was not proceeding *in forma pauperis*. In this case, the IFP statute requires the court to dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

[8] This is so for a number of reasons. It appears likely that two of the defendants are entitled to Eleventh Amendment immunity and, also, that most of plaintiff's claims are barred by the applicable statutes of limitations. Most importantly, it does not appear that plaintiff can present a viable claim, even considering the factual allegations in plaintiff's original complaint as supplemented by his written statements.

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  <u>Resolution Trust Co. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 23rd day of October, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE